IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 04-cv-1537-ZLW
Criminal Case No. 91-cr-180-ZLW

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

STEVEN E. MOORE,

    Defendant/Movant.

---

ORDER OF DISMISSAL

---

The matter before the court is Movant Steven E. Moore's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255. The Court has reviewed the parties' papers and the files and records relating to the sentence under attack. Furthermore, the Court has taken into consideration that Movant has filed *pro se* and has thus construed his papers more liberally and held them to a less stringent standard than papers filed by a represented party.[1]

On August 19, 1991, Movant was sentenced to consecutive terms of imprisonment of 262 months and 60 months after pleading guilty to bank robbery (18 U.S.C. § 2113(a),(d)) and possession of a firearm in furtherance of a crime of violence, (18 U.S.C. § 924(c)). Movant did not directly appeal from the judgment. In his motion, Movant challenges his enhanced sentence pursuant to Apprendi v. New Jersey,[2] Ring

---

[1] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[2] 530 U.S. 466 (2000).

v. Arizona,[3] and Blakely v. Washington,[4] all of which address the Sixth Amendment right to trial by jury, and apparently also on independent due process and double jeopardy grounds. Specifically, Movant contends that the Court improperly relied on facts not found by a jury in determining his sentence, namely, that he was a repeat offender and a career offender, and also argues that he should have been charged with bank robbery only, with an enhancement for brandishing a firearm under USSG § 2B3.1(b)(2)(C), which would have resulted in a sentence of no more than 300 months.

A one-year limitation period applies to motions brought under § 2255. That one-year period begins to run on:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court **and made retroactively applicable to cases on collateral review**; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[5]

---

[3] 536 U.S. 584 (2002).

[4] 542 U.S. 296 (2004).

[5] 28 U.S.C. § 2255 (emphasis added).

Plaintiff does not contend that the circumstances under which paragraphs (2) or (4) would apply exist here. Paragraph (3) does not apply here because <u>Apprendi</u>, <u>Ring</u>, and <u>Blakely</u> do not apply retroactively to cases on collateral review.[6] Thus, the one-year limitation period began to run, under paragraph (1), on the date on which Plaintiff's judgment of conviction became final. Because Movant did not file an appeal, his judgment of conviction became final ten days after it was entered, on August 29, 1991.[7] Thus, Movant was required to file his § 2255 motion by August 29, 1992. However, he did not file his § 2255 motion until July 26, 2004, almost twelve years later. The present motion therefore is time-barred under 28 U.S.C. § 2255. Accordingly, it is

ORDERED that Movant's Motion To Vacate, Set Aside, Or Correct Sentence Pursuant To 28 U.S.C. § 2255 (Doc. No. 1) is denied, and the cause of action is dismissed. It is

FURTHER ORDERED that all other pending motions are denied as moot.

DATED at Denver, Colorado, this   11   day of October, 2006.

BY THE COURT:

_____
ZITA L. WEINSHIENK,  Senior Judge
United States District Court

---

[6] <u>See</u> <u>United States v. Mora</u>, 293 F.3d 1213, 1218-19 (10th Cir. 2002) (<u>Apprendi</u> does not apply retroactively to cases on collateral review); <u>Schriro v. Summerlin</u>, 542 U.S. 348, 353 (2004) (<u>Ring</u> does not apply retroactively to cases on collateral review); <u>U.S. v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005) (<u>Blakely</u> does not apply retroactively to cases on collateral review).

[7] <u>See</u> <u>U.S. v. Michel-Galaviz</u>, 2006 WL 137425, *2 (10th Cir.); Fed. R. App. P. 4(b)(1)(A).